UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE DURBIN,<br><br>                       Plaintiff,<br><br>   vs.<br><br>MERCEDES GONZALEZ-SAN PEDRO, PSYD,<br><br>                       Defendant. | CASE NO. 14-cv-2108 H (KSC)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**(2) GRANTING PLAINTIFF THIRTY (30) DAYS LEAVE TO AMEND** |

On August 4, 2014, Bruce Durbin ("Plaintiff"), proceeding pro se, filed a complaint against Mercedes Gonzalez-San Pedro ("Defendant"), in her official capacity, alleging civil rights violations under 42 U.S.C. § 1983. (Doc. No. 1-2 ["Compl."]) On September 5, 2014, Defendant removed the action to federal court. (Doc. No. 1.) On September 12, 2014, Defendant filed a motion to dismiss for failure to state a claim. (Doc. No. 3.) The Court has not received an opposition from Plaintiff. On October 3, 2014, the Court submitted the motion and vacated the hearing previously scheduled for October 14, 2014. (Doc. No. 4.)

The Court grants the motion to dismiss. The Court grants Plaintiff thirty (30) days leave to amend to state a claim upon which relief can be granted. Plaintiff's amended complaint is due on or before November 20, 2014.

**Background**

Plaintiff alleges that Defendant resides or works at Child Welfare Services in Oceanside, California. (Compl. at p.1, Defendant ¶1) Plaintiff sues Defendant in her official capacity as a Senior Child Protective Services Investigator. (Id. ¶2.)

Plaintiff claims that Defendant targeted him for investigation based on false allegations that he hurt one of his foster children and that Defendant later "substantiated" findings of child abuse. (Id. at p. 2-3, Supporting Facts.) Plaintiff contends that this finding led to the removal of several children from his care and prevented him from fostering additional children. (Id.) Plaintiff alleges that Defendant violated his rights under 42 U.S.C. § 1983 by "producing false allegations" that amount to libel, slander, and defamation of character. (Id. at p. 1, Claim ¶1.)

Defendant moves to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant argues that Plaintiff has not identified a violation of a constitutional right and has not identified any unlawful policy or practice by the County. (Doc. No. 3-1.) For the following reasons, the Court grants the motion to dismiss, but grants Plaintiff thirty (30) days leave to amend his complaint to cure the deficiencies, if he can do so.

**Discussion**

**I.     Legal Standard for a Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court may

dismiss a complaint as a matter of law for: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." SmileCare Dental Grp. v. Delta Dental Plan of Cal., 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted).  However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

The reviewing court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  It is also improper for the court to assume "the [plaintiff] can prove facts that it has not alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). But "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. In deciding a motion to dismiss, the court draws all reasonable inferences in favor of the nonmoving party. Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles, 648 F.3d 986, 991 (9th Cir. 2011).

"A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotations omitted).

**II.    Analysis**

"To state a claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he] [was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  When a plaintiff brings a section 1983 claim against a public employee in her official capacity, the suit is, "in all respects other than name, to be treated as a suit against the entity."  Kentucky v. Graham, 473 U.S. 159, 166 (1985).  "[A] governmental entity is liable under [section] 1983 only when the entity itself is a moving force

behind the deprivation. [T]hus, in an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law." Id. (internal citations and quotations omitted).

Plaintiff claims, in a conclusory fashion, that Defendant violated his civil rights under 42 U.S.C. § 1983. (Compl. at p.1, Defendant ¶3.) Plaintiff brings this claim against a government employee in her official capacity. (Id. ¶2.) Therefore, to state a claim, Plaintiff must at least allege some facts showing that Defendant's conduct "conformed to official policy, custom, or practice." See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988). In the present complaint, Plaintiff does not allege any facts to show that the alleged deprivation was the result of a governmental "policy or custom." See Graham, 473 U.S. at 166.[1] Accordingly, Plaintiff's current claim for relief is not plausible on its face. See Twombly, 550 U.S. at 570.

Plaintiff might be able to allege facts in support of his claim under section 1983. See AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (noting that an allegation of plausible facts supporting the existence of a policy or custom can cure a pleading deficiency in a section 1983 claim). Accordingly, the Court grants Plaintiff thirty (30) days leave to amend his complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Federal courts are courts of limited jurisdiction. United States v. Mark, 530 F.3d 799, 810 (9th Cir. 2008). Plaintiff has raised a federal claim under 42 U.S.C. § 1983. But he has not stated a claim under this federal law. Plaintiff may elect to proceed on his claims in state court, if he is legally permitted to do so.

**Conclusion**

For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiff's complaint. The Court grants Plaintiff thirty (30) days leave to amend his complaint to state a claim upon which relief can be granted. Plaintiff's amended complaint is due on or before November 24, 2014.

**IT IS SO ORDERED.**

DATED: October 23, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT